**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ANGELA L. HOOVER,**

**Plaintiff,**

**v.** **Civil Action No. 3:19cv751**

**STONEMOR PARTNERS, LP, *et al.*,**

**Defendants.**

# ORDER

This matter comes before the Court on Defendants Stonemor Partners, LP and Gina Mack's ("Defendants") Motion For Miscellaneous Relief And Clarification (the "Motion"). (ECF No. 12.) Plaintiff Angela L. Hoover responded in opposition, (ECF No. 13), and Defendants replied, (ECF No. 14). This matter is ripe for disposition. For the reasons articulated below, the Court will deny the Motion.

On December 30, 2019, this Court issued a stay in this matter pending arbitration. (*See* Dec. 30, 2019 Mem. Order 4, ECF No. 9). In that December 30, 2019 Memorandum Order, the Court ordered Hoover to file a "Status Report *every* sixty days from the date of this Order apprising this Court of the status of arbitration." (*Id.*) The Court warned Hoover that "[f]ailure to file the Status Report or promptly pursue her arbitration claims may result in dismissal of this case in its entirety." (*Id.*)

Hoover failed to file her first status report. Roughly two weeks after missing the deadline, the Court, noting Hoover's failure to timely file the required status report, ordered Hoover "to file a Status Report by the close of business on Tuesday, March 17, 2020." (Mar. 12, 2020 Order 1, ECF No. 10.) Hoover again failed to comply with the Court's Order. One month

later, on April 14, 2020, finding that Hoover had failed to comply with its December 30, 2019 and March 12, 2020 Orders, the Court dismissed without prejudice Hoover's suit for failure to prosecute under Federal Rule of Civil Procedure 41(b).[1] (Apr. 14, 2020 Order, ECF No. 11.)

On May 11, 2020, Defendants filed the present Motion seeking "clarification of the impact of this Court's April 14 Order on its previous order compelling the parties to arbitrate this matter." (Mot. Clarification 1, ECF No. 12.) Defendants find it unclear whether "the Court's April 14, 2020 Order is intended to relieve the parties of their obligation to arbitrate this matter given the lawsuit underlying and compelling arbitration has now been dismissed." (*Id.* 3.)

The Court declines to expound upon its April 14, 2020 Order. The Court dismissed Hoover's case without prejudice after she twice failed to comply with this Court's orders. The April 14, 2020 Order stands on its face and the Court declines to interpret the dismissal for the Parties.

For the above reasons, the Court DENIES the Motion. (ECF No. 12.)

It is SO ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: July 9, 2020
Richmond, Virginia

[1] Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action, *inter alia*, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).